United States District Court
Southern District of Texas
**ENTERED**
November 10, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JESUS ALEJANDRO ARANDA GOMEZ, § § Petitioner, § § VS. § PAMELA JO BONDI, *et al.*, § § Respondents. § § § § | CIVIL ACTION NO. 1:25-CV-258 |

## ORDER

The Court has reviewed Petitioner Jesus Alejandro Aranda Gomez's verified request for a temporary restraining order, asking that the Court preclude Respondents from removing him to any country without completing specified procedural steps. (Petition, Doc. 1) He also seeks immediate release from immigration custody, or alternatively, for an order mandating that an immigration judge conduct a bond review. (*Id*. at 5–6)

"Injunctive relief is an extraordinary and drastic remedy, and should only be granted when the movant has clearly carried the burden of persuasion." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (cleaned up). To be entitled to a temporary restraining order, "the movant must satisfy each of the following equitable factors: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) the threatened injury to the movant outweighs the threatened harm to the party sought to be enjoined; and (4) granting the injunctive relief will not disserve the public interest." *City of Dallas v. Delta Air Lines, Inc.*, 847 F.3d 279, 285 (5th Cir. 2017) (concerning a preliminary injunction); *see also Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987) (noting that the party seeking injunctive relief must meet all four factors "before a temporary restraining order or preliminary injunction can be granted").

Petitioner fails to demonstrate that he is entitled to emergency injunctive relief. Petitioner requests that the Court preclude his removal to a third country absent completion of certain

procedural steps, such as notice and an opportunity to challenge the removal. But Petitioner only generally alleges his belief that Respondents intend to remove him to a third country, and does not allege any information about the alleged third country or the timing of the alleged removal. Absent such allegations, the Court cannot conclude that Petitioner has demonstrated a substantial likelihood of success on the merits, or that he has demonstrated irreparable harm that can be avoided solely through the issuance of an ex parte temporary restraining order.[1]

Petitioner also requests that the Court order his release or that he be provided a bond hearing before an Immigration Court. But aside from alleging that Respondents detained him last week, Petitioner alleges no facts regarding his detention or the grounds on which Respondents continue to detain him. And he does not allege that Respondents unlawfully detained him, alleging only that his detention is unlawful if based on an unlawful removal to a third country.

For these reasons, it is:

**ORDERED** that Petitioner Jesus Alejandro Aranda Gomez's verified request for a temporary restraining order is **DENIED**.

It is also **ORDERED** that the Court will hold a Status Conference in this matter by videoconference on November 18, 2025, at 1:30 p.m.

Signed on November 10, 2025.

_____
Fernando Rodriguez, Jr.
United States District Judge

---

[1] Petitioner also fails to describe "any efforts made to give notice [to Respondents] and the reasons why it should not be required." FED. R. CIV. PROC. 65(b)(1)(B).