United States District Court
Southern District of Texas
**ENTERED**
July 20, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **JESUS ALEJANDRO ARANDA GOMEZ,** Petitioner, | § § § § | |
| v. | § | Civil Action No. **1:25-cv-258** |
| **PAMELA JO BONDI**, *et al.*, Respondents. | § § § | |

**MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

Before the Court are Petitioner Jesus Alejandro Aranda Gomez's: (1) "Second Amended Emergency Petition for Writ of Habeas Corpus" ("Second Amended § 2241 Petition"); (2) "Supplemental Memorandum in Further Support of Relief" ("Gomez's Supplemental Memorandum"); (3) "Motion for Status Conference and for Relief Under *Zadvydas v. Davis*" (Gomez's "Motion for Status Conference"); (4) "Emergency Motion Requesting Status Conference and Order to Show Cause Regarding Continued Detention" (Gomez's "First Emergency Motion"); (5) "Emergency Motion to Expedite Ruling and Request for Immediate Status Conference" (Gomez's "Second Emergency Motion"); and (6) Respondents' "Statement Regarding Dkt. No. 25" ("Government's Statement"). Dkt. Nos. 13; 26; 28; 30; 31; 27.

For the reasons discussed below, it is recommended that the Court: (1) **GRANT, IN PART**, Gomez's Second Amended § 2241 Petition; (2) **ORDER** the Government to **RELEASE** Gomez from detention subject to supervision in accordance with 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.5; and (3) **DIRECT** the Clerk of Court to **CLOSE** this case.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

Gomez is a native and citizen of Mexico. Dkt. No. 13 at 2. On December 23, 2010, Gomez entered the United States via the port of entry located in Hidalgo, Texas. Dkt. No. 15 at 2. There, Gomez stated that he wanted to apply for asylum. *Id.* On November 18, 2011, Gomez was released on a parole bond. *Id.* On January 28, 2014, an immigration judge ordered Gomez removed but granted Gomez withholding of removal to Mexico. *Id.*; Dkt. No. 20.

On November 5, 2025, Immigration and Customs Enforcement ("ICE") took Gomez back into custody. Dkt. No. 15 at 2; Dkt. No. 28 at 3. Gomez was sent to the El Valle Detention Facility in Raymondville, Texas, where he remains detained. Dkt. No. 13 at 2. Since then, ICE "has requested Guatemala and Honduras, among other countries, to accept [Gomez's] removal." Dkt. No. 27 at 4 (errors in original).

On February 27, 2026, the Court ordered the parties to file a statement "identifying any issues in this matter that remain unresolved[.]" Dkt. No. 25. On March 19, 2026, Gomez filed his Supplemental Memorandum reiterating that he is entitled to relief under *Zadvydas*. *See generally* Dkt. No. 26. On March 20, 2026, the Government filed its Statement, re-urging that Gomez is not entitled to relief under *Zadvydas*. *See generally* Dkt. No. 27. On April 30, 2026, U.S. District Judge Fernando Rodriguez, Jr. referred this case to the undersigned. Dkt. No. 29.

---

[1] Information obtained from Gomez's Second Amended § 2241 Petition [Dkt. No. 13] and where necessary to obtain historical dates, the Government's "Motion to Dismiss and Response in Opposition to Petitioner's Second Amended Petition for Writ of Habeas Corpus and Motion for Temporary Restraining Order" [Dkt. No. 15], the Government's "Declaration of Supervisory Detention and Deportation Officer Tracy Munoz" [Dkt. No. 20], Gomez's Supplemental Memorandum [Dkt. No. 27], and the Government's Statement [Dkt. No. 27].

## II. LEGAL STANDARDS

### A. 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus

To be entitled to the issuance of a writ of habeas corpus, the petitioner must show that she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) ("[N]either habeas nor civil rights relief can be had absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.") (quoting *Hilliard v. Bd. Of Pardons & Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985) (per curiam)). A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

### B. *Zadvydas v. Davis*

Immigration judges are authorized to issue orders of removal, which become final once the Board of Immigration Appeals ("BIA") has acted or the time to seek review of a removal order expires. *See generally* 8 C.F.R. § 1241.1; *Texas v. United States*, 524 F. Supp. 3d 598, 614 (S.D. Tex. 2021) (Tipton, J.). The Government typically has 90 days to execute a final removal order and remove the alien from the United States. 8 U.S.C. § 1231(a)(1)(A).

Though § 2241 proceedings "remain available as a forum for statutory and constitutional challenges to post-removal-period detention," the alien's ability to seek habeas relief is subject to certain time constraints. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). When the Government fails to execute a removal order within the 90-day period, post-removal detention must be limited to a period "reasonably necessary" to effectuate removal; indefinite detention is impermissible. *Id.* at 689.

This does not mean that any amount of post-removal-period confinement is unlawful; rather, the Government's obligation to rebut a presumption of indefinite detention does not activate until after detention has been ongoing longer than six months, and only after the alien first makes a showing that "there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. Up to six months of immigration detention after entry of a final removal order is, therefore, "presumptively reasonable." *Id.*; *Chance v. Napolitano*, 453 F. App'x 535, 536 (5th Cir. 2011) (per curiam).

The presumptively reasonable period "does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701; *see Clark v. Martinez*, 543 U.S. 371, 386 (2005) (extending the Supreme Court's interpretation of the statute to inadmissible aliens).

After the expiration of the six-month period, an alien is eligible for release only if she shows that "no such likelihood of removal exists." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) (citing *Zadvydas*, 533 U.S. at 701). If the petitioner "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden shifts to the Government to either rebut that showing or release her. *Zadvydas*, 533 U.S. at 701; *see also* 8 C.F.R. § 241.13 (establishing the *Zadvydas* procedures). Conclusory statements suggesting that removal is not likely in the reasonably foreseeable future are insufficient to make this showing. *Andrade*, 459 F.3d at 543.

*Zadvydas* offers guidance for applying this standard. *See* 533 U.S. at 701–702. The Supreme Court saw a "serious constitutional problem" in "indefinite detention" and limited the chances that its standard would allow for such detention through two principles. *Id.* at 690. First, the Government's good faith efforts to remove an alien alone, are insufficient to establish a significant likelihood of removal. *Id.* at 702. Such a standard "would seem to require an alien seeking admission to show the absence of *any* prospect of removal–no matter how unlikely or unforeseeable." *Id.* (emphasis in original). Second, the window for the "reasonably foreseeable future" "shrink[s]" the longer the alien is detained. *Id.* at 701. *Zadvydas* inquiry, then, becomes more questionable of continued detention, even while the Government vigorously pursues the alien's removal. *Id.* at 701–702.

District courts have elaborated upon the "reasonably foreseeable" standard. *Villanueva v. Tate*, 801 F.Supp.3d 689, 702 (S.D. Tex. 2025) (Hittner, J) (finding that petitioner's removal was not reasonably foreseeable when the Government failed to find a country willing to accept him); *Leksina v. Rice*, No. 6-25-1767 2026 WL 655563 at *2–3 (W.D. La. 2026) *report and recommendations adopted* 2026 WL 642195 (2026) (petitioner's removal was not reasonably foreseeable when she demonstrated that ICE failed to identify a third country that would accept her); *Mustafa IQBAL v. McBride*, 4-25-5217 2025 WL 4634563 at *1–2 (S.D. Tex. 2025) (Eskridge, J) (finding that the Government's continued requests for travel documents from a third country were, by themselves, insufficient to establish that removal was reasonably foreseeable).

## III. DISCUSSION

### A. Gomez's Second Amended § 2241 Petition

#### i. *Gomez has been in detention beyond the removal period.*

It is clear from the record that Gomez has been in detention beyond both the 90-day removal period and the six-month presumptively reasonable period. Dkt. No. 20 at 2; Dkt. No. 27 at 1; Dkt. No. 28 at 3; 8 U.S.C. § 1231(a)(1); 8 C.F.R. § 241.4(g)(1)(ii) (after a removal order is entered, the Government must detain the alien for 90 days, during which the government must attempt to remove the alien); *Zadvydas*, 533 U.S. at 688–89.

#### ii. *Gomez's removal is not reasonably foreseeable.*

There is no dispute that Gomez was granted a withholding of removal to Mexico, the only country to which he appears to have a claim to citizenship or legal immigration status. Dkt. No. 13 at 1–2; Dkt. No. 27 at 1. Although the Government has attempted to remove Gomez, it has yet to locate a third country to which to remove him; over 8 months have elapsed since his re-detention, and 12 years since his final order of removal. Dkt. No. 15 at 2; Dkt. No. 20 at 2; Dkt. No. 27 at 3; *see Villanueva*, 801 F.Supp.3d at 702 (removal is not reasonably foreseeable where the Government has attempted and failed to find a third country for removal).

The Court recognizes the Government's right to enforce Gomez's order of removal. However, the Government may not detain Gomez for an indefinite and undetermined period of time while it tries to execute that removal, when the circumstances indicate his removal is not reasonably likely in the foreseeable future. *Zadvydas*, 533 U.S. at 697–97; *Villanueva*, 801 F.Supp.3d at 704; *see Tran v. Mukasey*, 515 F.3d 478, 482 (5th Cir. 2008).

### B. Gomez is entitled to relief under *Zadvydas*.

The remedy for a *Zadvydas* claim is generally the release of the petitioner under conditions of supervision. 8 U.S.C. § 1231(a)(3) (if an alien is not removed within the removal period, she shall be subject to supervision under regulations prescribed by the Attorney General); 8 C.F.R. § 241.5 (an alien granted release from detention will be released pursuant to an order of supervision); *see Ali v. Department of Homeland Security*, 451 F.Supp.3d 703, 710 (S.D. Tex. 2020) (Ellison, J); *see also Misirbekov v. Venegas*, No. 1-25-cv-00168 2025 WL 3033732 at *2 (S.D. Tex. 2025) (Olvera, J); *Trejo v. Warden of ERO El Paso East Montana*, 807 F.Supp.3d 697, 712 (W.D. Tex. 2025) (citing *Khan v. Gonzales*, 481 F.Supp.2d 638, 643 (W.D. Tex. 2006)).

## IV. RECOMMENDATION

For the reasons discussed below, it is recommended that the Court: (1) **GRANT**, **IN PART**, Gomez's Second Amended § 2241 Petition; (2) **ORDER** the Government to **RELEASE** Gomez from detention subject to supervision in accordance with 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.5; and (3) **DIRECT** the Clerk of Court to **CLOSE** this case.

## V. NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United*

*Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

**SIGNED** on this **20th** day of **July, 2026** at Brownsville, Texas.

**Ignacio Torteya, III**
**United States Magistrate Judge**